**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
CELIA AVADYAEV,　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　　Docket No. 24-cv-8463
　　　　　　　　Plaintiff,

　　-against-

HOMESITE INSURANCE COMPANY OF NEW
YORK,

　　　　　　　　Defendant.
------------------------------------------------------------------------X

　　　　Whereas Celia Avadyaev ("Avadyaev") and Homesite Insurance Company of New York ("Homesite") (collectively the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

　　　　ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and in connection with the pre-trial phase of the above-captioned matter (the "Action"):

1.　　Counsel for any party may designate as "CONFIDENTIAL" any Discovery Material it believes in good faith contains information that is proprietary, a trade secret or otherwise sensitive non-public information, and it believes that such designation is necessary to protect the interests of the client. All Discovery Material so designated shall be referred to in this Confidentiality Stipulation as "Confidential Discovery Material" ("CDM") and shall be handled in strict accordance with the terms of this Confidentiality Stipulation.

2.　　All CDM in the form of physical objects, data or documents shall be designated, as appropriate, by stamping or affixing, in an unobtrusive manner, the legend "CONFIDENTIAL INFORMATION", "CDM" or "CONFIDENTIAL" to all pages of any document containing CDM.

3.　　The CDM disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.　　In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that CDM disclosed in

this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the CDM.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Avadyaev, Homesite, and their directors, officers, and employees;

   b. Outside counsel of record for each party as described in ¶ 5 who have executed this Confidentiality Stipulation, including attorneys, paraprofessionals, and employees of such law firms;

   c. Third-party experts or consultants retained to assist counsel for the parties provided any and all recipients of CDM are made aware of and agree to abide by the provisions of this Agreement as evidenced by their execution of the attached **Exhibit A**;

   d. Potential non-party witnesses in this Action and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery provided any and all recipients of CDM are made aware of and agree to abide by the provisions of this Agreement as evidenced by their execution of the attached **Exhibit A**;

   e. Any witness deposed in this Action, who shall be provided prior to or at the outset of his or her deposition with a copy of this Agreement, provided that such person, on the record at the deposition, shall be informed that he, she, or it (and such person's counsel, if any), is bound by the terms of this Agreement as evidenced by his or her execution of the attached **Exhibit A**;

   f. Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony provided such stenographers or court reporters are made aware of and agree to abide by the provisions of this Agreement as evidenced by their execution of the attached **Exhibit A**;

   g. The Court, court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper subject to an Order from the Court;

   h. Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, provided any and all recipients of CDM are made aware of and agree to abide by the

               provisions of this Agreement as evidenced by their execution of the attached **Exhibit A**;

    i.    In-house counsel (and any paralegal or support staff working for and directly reporting to such counsel) for any party identified in ¶ 5 of this Confidentiality Stipulation; and/or

    j.    Insurers, re-insurers and agents of the parties identified in ¶ 5 of this Confidentiality Stipulation, provided that any and all recipients of CDM are made aware of and agree to abide by the provisions of this Agreement as evidenced by their execution of the attached **Exhibit A**.

6.    Prior to disclosing or displaying the CDM to any person, counsel must:

    a.    Inform the person of the confidential natures of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.

7.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as CDM subject to all the terms of this Stipulation and Order.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work–product protected documents or communications, electronically stored information

("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, CDM and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be CDM if otherwise required by law or pursuant to a valid subpoena.

13. This Stipulation may be signed by the parties in counterparts and facsimile copies of signatures shall be deemed originals for purposes of its execution. The effective date of this Stipulation shall be the last day upon which it is signed by one of the Parties.

SO STIPULATED AND AGREED.

_____
*Counsel for Celia Avadyaev*

_____
*Counsel for Homesite Insurance Company of New York*

Dated:  1/14/25

Dated:

SO ORDERED.

Dated: ~~New York, New York~~ White Plains, New York

_____January 16_____, 2025

_____
CATHY SEIBEL
United States District Judge

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Celia Avadyaev v. Homesite Insurance Company of New York* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:                                                                                          Dated:

_____                                    _____
Signed in the presence of:                                                        Signed in the presence of:

_____                                    _____
Attorney:                                                                                      Attorney: